IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| LETTUCE ENTERTAIN YOU ENTEPRISES, INC., § § § Plaintiff, § § v. § § BUNKHOUSE GROUP LLC, § § Defendant. § | § § § § CIVIL ACTION NO. § § § **JURY DEMANDED** § § § § |

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiff Lettuce Entertain You Enterprises, Inc. files this Complaint for damages and injunctive relief against Defendant Bunkhouse Group LLC and in support thereof states as follows:

## PARTIES

1. Plaintiff Lettuce Entertain You Enterprises, Inc. ("LEYE") is a corporation organized under the laws of the state of Illinois with a place of business at 5419 N. Sheridan Road, Chicago, Illinois 60640.

2. Defendant Bunkhouse Group LLC is a limited liability company organized under the laws of the state of Texas, with its principal place of business at 1711 South Congress, Suite 300 Austin, Texas 78704.

## JURISDICTION AND VENUE

3. LEYE brings this action under the Lanham Act, including 15 U.S.C. §§ 1114(a) and 1125(a) (Infringement, False Designation of Origin, and Unfair Competition); 15 U.S.C. § 1116 (Injunctive Relief); 15 U.S.C. § 1117 (Attorneys' Fees and Treble Damages); and Texas Common Law.

4.      This Court thus has jurisdiction over this matter pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 (a) and (b) in that it involves an action arising under the Lanham Act.  This Court also has supplemental jurisdiction over the Texas Common Law causes of action pursuant to 28 U.S.C. § 1367.

5.      This Court has personal jurisdiction over the Defendant because Bunkhouse Group LLC is a resident of the state of Texas.

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) in that a substantial part of the activities giving rise to the claims alleged herein occurred in this District, and a substantial part of the property that is the subject of this action is situated in this District.

## NATURE OF THE ACTION

7.      LEYE brings this action to protect one of its most valuable assets, namely, the goodwill and consumer recognition associated with its well-known SUMMER HOUSE SANTA MONICA trademark and brand. LEYE has used its SUMMER HOUSE SANTA MONICA trademark since at least as early as November 2013 in connection with its exceedingly popular restaurants and bars, all of which currently display the SUMMER HOUSE SANTA MONICA trademark as follows:

**SUMMER HOUSE**
SANTA MONICA®

8.      As described more fully herein, without LEYE's authorization or consent and with full knowledge and willful disregard of LEYE's prior rights in its federally registered SUMMER HOUSE SANTA MONICA trademark, Defendant adopted and recently began using the confusingly similar SUMMER HOUSE trademark in connection with its restaurant and bar located on Music Lane in Austin, Texas as shown below:



9. Defendant, therefore, has created circumstances whereby members of the trade and public are likely to be led to incorrectly believe that Defendant and its SUMMER HOUSE restaurant are authorized by, sponsored by, or affiliated or connected with LEYE and its well-known SUMMER HOUSE SANTA MONICA trademark and services.

## COMMON ALLEGATIONS

**LEYE and its SUMMER HOUSE SANTA MONICA rights and restaurants**

10. LEYE was founded in 1971 with a vision for providing individuals across the country with unique and healthy, quality food. Since its creation almost 50 years ago, and as a result of its efforts to continually expand, develop and refine its restaurant and bar concepts, LEYE has become known as one of the most innovative restaurant companies in the country.

11. Today, LEYE owns, licenses, or operates more than 120 restaurants across the United States, including in California, Illinois, Maryland, Minnesota, Nevada, Virginia, Texas, and Washington, D.C. LEYE continues to expand its food and beverage offerings in key locations across the country, including Denver International Airport, Reagan Washington National Airport and O'Hare International Airport, further developing and building upon its already national reputation.

12. LEYE's traditional and on-line restaurants currently include Aba, Antico Posto, Beatrix, Beatrix Market, Ben Pao, Big Bowl, Big Bowl Chinese Express, Big City Chicken, Bub City, Café Ba-Ba-Reeba!, Crab Cellar, Di Pescara, Eiffel Tower, El Segundo Sol, ēma, Everest, Frankie's by the Slice, Hub 51, IL Porcellino, Joe's Live, Joe's Seafood, Prime Steak & Stone Crab, L. Woods, Lettuce at Navy Pier, M Burger, Mon Ami Gabi, Osteria Via Stato, Padma's

Curry Leaf, Pizzeria Portofino, Pizzeria Via Stato, Quality Crab & Oyster Bah, Ramen-San, R.J. Grunts, Rotisserie Ema, RPM Italian, RPM Steak, RPM Seafood, Saranello's, Seasides, Shaw's Crab House, Stella Barra Pizzeria & Wine Bar, Stripburger and Chicken, Sushi-San, Tallboy Taco, Three Dots and a Dash, Tokio Pub, Twin City Grill, and Wildfire. LEYE and its restaurants offer a broad range of high-quality food and drink items for dine-in, take-out, delivery or catering – all as part of its restaurants' restaurant services and bar services.

13.  Earlier this year, and prior to Defendant's unauthorized adoption and use of its confusingly similar mark, LEYE opened its first restaurant in Austin, Texas, opening a new location of its ABA restaurant at 1011 S. Congress Avenue, Austin, Texas.

14.  In addition to the foregoing restaurants, LEYE also owns and operates restaurants and bars under the name SUMMER HOUSE SANTA MONICA. In 2013, LEYE opened its first SUMMER HOUSE SANTA MONICA restaurant in Chicago, Illinois. Thereafter, LEYE opened two more SUMMER HOUSE SANTA MONICA restaurants – one in Bethesda, Maryland (2015), and another at Chicago O'Hare International Airport (2016).

15.  To protect its significant rights in its SUMMER HOUSE SANTA MONICA trademark, LEYE obtained a trademark registration for SUMMER HOUSE SANTA MONICA for use in connection with restaurant and bar services, which issued on August 12, 2014 as U.S. Reg. No. 4,586,071. As required by the United States Patent and Trademark Office, the registration disclaims exclusive rights to "SANTA MONICA" apart from the mark as a whole. A copy of the registration for LEYE's SUMMER HOUSE SANTA MONICA mark is attached hereto as Exhibit A. LEYE's SUMMER HOUSE SANTA MONICA trademark registration is now incontestable, and, pursuant to 15 U.S.C. § 1065, constitutes conclusive evidence of the validity of the trademark, of LEYE's ownership of the trademark, and of LEYE's exclusive right to use the SUMMER

HOUSE SANTA MONICA trademark in commerce in connection with restaurant and bar services.

16. For many years, and prior to Defendant's unauthorized adoption and use of its confusingly similar mark, LEYE devoted significant time, effort, and resources to provide, market and promote its restaurant and bar services under and in connection with its SUMMER HOUSE SANTA MONICA trademark, establishing both common law rights as well as rights under the Lanham Act.

17. LEYE promotes its SUMMER HOUSE SANTA MONICA restaurants and bars nationally through its websites located at www.lettuceentertainyou.com, www.leye.com, and www.summerhousesm.com. Actual and prospective patrons from across the country, including a substantial number from Texas and from the Austin, Texas area, have visited LEYE's websites. LEYE also promotes its SUMMER HOUSE SANTA MONICA restaurants and bars through well-known food-delivery platforms such as Caviar, Doordash, Grubhub, Ubereats, and through its social media pages on Facebook, Twitter, and Instagram, all of which are accessible nationwide.

18. In addition, LEYE promotes its SUMMER HOUSE SANTA MONICA restaurants through its frequent diner program, which boasts over 340,000 members nationwide, with members in all 50 states, including more than 2,500 residing in Texas, with many of those members residing in the Austin, Texas area. All members receive email newsletters promoting LEYE's restaurants, including its SUMMER HOUSE SANTA MONICA restaurants.

19. LEYE also promotes and takes reservations for its SUMMER HOUSE SANTA MONICA restaurants and bars through the well-known, national reservation service at www.OpenTable.com. Patrons from across the country, including patrons from Texas, and from

Austin, Texas in particular, have made reservations for LEYE restaurants, including its SUMMER HOUSE SANTA MONICA restaurants through this service.

20. LEYE also promotes its restaurants, including its SUMMER HOUSE SANTA MONICA restaurants and bars, by selling Gift Cards and e-Gift Cards through its websites and email newsletters, including a significant number of such Gift Cards and e-Gift Cards to residents of Texas, and of Austin, Texas in particular.

21. As a result of LEYE's use and extensive promotion of its SUMMER HOUSE SANTA MONICA trademark in connection with restaurant and bar services, and as shown in the following samples of reviews from www.Yelp.com, consumers from across the country, including from Austin and other Texas cities, have dined at LEYE's SUMMER HOUSE SANTA MONICA restaurant and have become familiar with LEYE and its SUMMER HOUSE SANTA MONICA trademark, especially the distinctive and memorable SUMMER HOUSE portion of the mark:




**Jessica B.**
Miami Beach, FL
230 friends
178 reviews

 9/23/2016

**Summer House** was lovely. Great food, service, the maitre' was very nice... Loved the apps, fried chicken & desert.

 Useful     Funny     Cool


**Rawan S.**
Katy, TX
100 friends
9 reviews
2 photos

 1/7/2020

I love this place, food was amazing & the staff was so nice! The place is gorgeous, you don't believe you're in the Windy City once you're in. Definitely coming back here again!

 Useful 2     Funny     Cool 1


**Aren T.**
Port Washington, NY
0 friends
12 reviews

 2/11/2016

I took my 18 year old on a College visit to DePaul University. After much researching for THE hip, trendy restaurant for dinner all roads led to The **Summer House**. Food was amazing! I had the curry Quinoa bowl with Chicken and my daughter had the burger. David our waiter couldn't have been more accommodating. If you are going to be in Lincoln Park - eat here!

 Useful     Funny     Cool 1


**Kurt F.**
Argyle, TX
0 friends
26 reviews
29 photos

9/28/2019

This place is amazing. Really nice service and the food is spectacular. When in the area, you should stop by.
We ordered the commuter egg sandwich and the breakfast tostadas. Can't go wrong with either but everything looks good around us

 Useful     Funny     Cool



**Tinsley Y.**
Huntington Beach, CA
142 friends
81 reviews

★★★★★ 5/9/2016 · Updated review

7 photos

Came in to celebrate Mother's Day. It was my first time having brunch at **Summer House** and everything was delicious as always. I think their dinner game is a little stronger. I had to make a reservation 1 month in advance. It seems like this place is always booked up so I'd highly recommend planning ahead. But anyway, I loved that at the end of our meal, they sent all of the mommy's home with a delicious cookie from the desert bar. Thanks for a great experience!



**Michelle C.**
San Antonio, TX
194 friends
27 reviews
124 photos

★★★★★ 6/22/2019

3 photos

Delicious drinks and apps in a light relaxed "rosé-all-day" atmosphere. Yes, please!

I had the "24 carrot magic" and the "mums the word" cocktails. I totally preferred the mums the word- perfect combination of sweet & tart.

While I enjoyed the Ahi Tuna & Watermelon Tostadas, I probably wouldn't get them again. The guacamole & housemade chips I would return for.



**Amber J.**
Dallas, TX
299 friends
234 reviews
368 photos
Elite '2020

★★★★★ 11/14/2018

2 photos

Love this place!!! It's a must visit when you are in Chicago!!! The restaurant is beautiful and food is fantastic. Try the avocado toast you will not regret it!!!

 

 Useful 2    Funny    Cool 2

8

22. LEYE's SUMMER HOUSE SANTA MONICA trademark, including the more salient SUMMER HOUSE portion of the trademark, has thus acquired distinctiveness signifying LEYE. LEYE has cultivated and now owns considerable and valuable goodwill in and symbolized by its SUMMER HOUSE SANTA MONICA mark, including the shortened version of the mark, SUMMER HOUSE. This consumer goodwill and recognition constitutes one of LEYE's most valuable assets and is crucial to the continued vitality of LEYE's business.

**Defendant's Infringement of LEYE's SUMMER HOUSE SANTA MONICA mark**

23. Long after LEYE registered and began using its SUMMER HOUSE SANTA MONICA trademark, LEYE learned that Defendant was planning to open a full-service restaurant and bar under the name SUMMER HOUSE, and that this restaurant would be located on Music Lane in Austin, Texas – mere steps away from one of LEYE's restaurants, ABA, which, like Defendant's restaurant, was scheduled to open in spring 2020.

24. Promptly upon learning of Defendant's plan to use SUMMER HOUSE in connection with its restaurant, LEYE provided a cease and desist letter to Defendant notifying Defendant of LEYE's prior use of, and superior existing rights in, the SUMMER HOUSE SANTA MONICA trademark for restaurant and bar services. LEYE further informed Defendant that its planned use of SUMMER HOUSE (especially in close proximity to an LEYE restaurant) would be likely to lead consumers to mistakenly believe that LEYE had opened a SUMMER HOUSE on Music Lane, or that Defendant's SUMMER HOUSE restaurant was affiliated or connected with LEYE. Accordingly, LEYE informed Defendant that its planned use of SUMMER HOUSE would infringe LEYE's rights, and LEYE requested that Defendant abandon its plans to use SUMMER HOUSE in connection with its upcoming restaurant and instead adopt a different name before opening.

25. Throughout 2020, LEYE continued to attempt to resolve this matter amicably though correspondence and discussions between the parties' counsel and principals concerning LEYE's prior use of and existing rights in its SUMMER HOUSE SANTA MONICA mark, and its concern that Defendant's opening of a SUMMER HOUSE restaurant mere steps away from LEYE's ABA restaurant would further exacerbate the likelihood of consumer confusion, and would lead consumers to incorrectly believe that Defendant's SUMMER HOUSE was associated or connected with LEYE, or that LEYE had opened a SUMMER HOUSE on Music Lane.

26. Despite LEYE's objections, in November, 2020, Defendant chose to open its restaurant under the name SUMMER HOUSE, and now also promotes its SUMMER HOUSE restaurant on its website and its social media pages.

27. Pursuant to 15 U.S.C. §1072, Defendant had constructive knowledge of LEYE's federally registered SUMMER HOUSE SANTA MONICA trademark prior to Defendant's unauthorized use of its SUMMER HOUSE mark, which is confusingly similar to LEYE's SUMMER HOUSE SANTA MONICA mark.

28. In addition, Defendant had actual knowledge of LEYE's SUMMER HOUSE SANTA MONICA restaurants and LEYE's ownership of its SUMMER HOUSE SANTA MONICA mark many months prior to Defendant's adoption and use of its confusingly similar mark.

29. Defendant's knowledge of LEYE's prior use of the SUMMER HOUSE SANTA MONICA trademark and its blatant disregard of LEYE's intellectual property rights demonstrates Defendant's bad faith and intentional misconduct.

30. Defendant's unauthorized use of the SUMMER HOUSE trademark is likely to confuse consumers in that it will lead consumers to incorrectly believe that LEYE is the source of,

has endorsed or approved, or is somehow legitimately associated with Defendant and its restaurant, thereby injuring the goodwill LEYE has built in its SUMMER HOUSE SANTA MONICA trademark.

31.     Given Defendant's use of a confusingly similar trademark in connection with services identical to those offered by LEYE under its federally-registered SUMMER HOUSE SANTA MONICA trademark, and in light of Defendant's refusal to accede to LEYE's repeated requests and demands to cease use of the SUMMER HOUSE mark, LEYE has no choice but to protect its rights in its valuable SUMMER HOUSE SANTA MONICA trademark through initiation of this action. All of these facts render this matter an exceptional case.

## COUNT I

### FEDERAL TRADEMARK INFRINGEMENT
### (15 U.S.C. § 1114(1)(a))

32.     LEYE realleges and incorporates herein paragraphs 1 through 31 of this Complaint.

33.     Defendant had both actual and constructive knowledge of LEYE's ownership of and rights in its federally-registered SUMMER HOUSE SANTA MONICA trademark prior to Defendant's unauthorized use or continued use of the SUMMER HOUSE trademark for restaurant and bar services.

34.     Defendant's aforesaid use of the SUMMER HOUSE trademark with restaurant and bar services is without LEYE's authorization or consent.

35.     Defendant's unauthorized use of the SUMMER HOUSE trademark in connection with its promotion and provision of restaurant and bar services is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendant or its services with LEYE and its federally-registered SUMMER HOUSE SANTA MONICA mark in violation of 15 U.S.C. § 1114(1)(a).

36. Defendant's unauthorized conduct has deprived and will continue to deprive LEYE of the ability to control the consumer perception of its restaurant and bar services provided in connection with its SUMMER HOUSE SANTA MONICA mark, placing the valuable reputation and goodwill of LEYE in the hands of Defendant, over whom LEYE has no control.

37. Because Defendant had actual notice of LEYE's prior use of and rights in its SUMMER HOUSE SANTA MONICA trademark, Defendant is willfully engaged in trademark infringement in violation of the Lanham Act. Thus, the intentional nature of Defendant's conduct renders this an exceptional case under 15 U.S.C. § 1117(a).

38. As a result of Defendant's conduct, LEYE has suffered substantial damage and irreparable harm to its SUMMER HOUSE SANTA MONICA trademark, constituting an injury for which LEYE has no adequate remedy at law. Unless this Court enjoins Defendant's conduct, LEYE will continue to suffer irreparable harm.

## COUNT II

**FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN**
**(15 U.S.C. § 1125(a))**

39. LEYE realleges and incorporates herein paragraphs 1 through 38 of this Complaint.

40. Defendant has deliberately and willfully used the confusingly similar SUMMER HOUSE trademark to trade upon LEYE's hard-earned goodwill in its SUMMER HOUSE SANTA MONICA trademark and the reputation established by LEYE in connection with its restaurant and bar services, as well as to confuse consumers as to the origin and sponsorship of Defendant's restaurant and bar services.

41. Defendant's unauthorized and tortious conduct has also deprived and will continue to deprive LEYE of the ability to control the consumer perception of its services under its

SUMMER HOUSE SANTA MONICA trademark, placing the valuable reputation and goodwill of LEYE in the hands of Defendant, over whom LEYE has no control.

42. Defendant's conduct is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendant with LEYE, and as to the origin, sponsorship or approval of Defendant and its services, in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1).

43. As a result of Defendant's conduct, LEYE has suffered substantial damage and irreparable harm constituting an injury for which LEYE has no adequate remedy at law. LEYE will continue to suffer irreparable harm unless this Court enjoins Defendant's conduct.

44. Defendant's actions complained of herein are likely to cause confusion, mistake or deception among consumers as to an affiliation, connection, or association of Defendant's services with LEYE and its SUMMER HOUSE SANTA MONICA trademark, and as to the origin, sponsorship, or approval of Defendant and its services, in violation of Section 43 of the Lanham Act, 15 U.S.C. §1125(a).

## COUNT III

### COMMON LAW TRADEMARK INFRINGEMENT

45. LEYE realleges and incorporates herein paragraphs 1 through 44 of this Complaint.

46. LEYE is the owner of valid common law rights in the trademarks SUMMER HOUSE SANTA MONICA and SUMMER HOUSE, which it has used continuously and in connection with the marketing, offering and sale of its restaurant and bar services long prior to Defendant's adoption and first use of the confusingly similar SUMMER HOUSE mark.

47. Defendant's actions complained of herein are likely to cause confusion, mistake or deception among consumers as to an affiliation, connection or association of Defendant's services

with LEYE and its SUMMER HOUSE SANTA MONICA trademark, and as to the origin, sponsorship or approval of Defendant and its services in violation of Texas common law.

48. Defendant's unauthorized conduct also has deprived and will continue to deprive LEYE of the ability to control the consumer perception of its restaurant and bar services offered in connection with its SUMMER HOUSE SANTA MONICA and SUMMER HOUSE trademarks, placing the valuable reputation and goodwill of LEYE in the hands of Defendant, over whom LEYE has no control.

49. Because Defendant had actual notice of LEYE's prior use of and rights in its SUMMER HOUSE SANTA MONICA and SUMMER HOUSE trademarks before Defendant began using the confusingly similar SUMMER HOUSE trademark, Defendant is willfully engaged in common law trademark infringement in violation of Texas common law.

50. As a result of Defendant's conduct, LEYE is likely to suffer harm, and has in fact already been injured. Unless this Court enjoins Defendant's conduct, LEYE will continue to suffer irreparable harm.

## COUNT IV

### COMMON LAW UNFAIR COMPETITION

51. LEYE realleges and incorporates herein paragraphs 1 through 50 of this Complaint.

52. LEYE is the owner of valid common law rights in the trademarks SUMMER HOUSE SANTA MONICA and SUMMER HOUSE, which it has used continuously and in connection with the marketing, offering and sale of its restaurant and bar services long prior to Defendant's adoption and first use of the confusingly similar SUMMER HOUSE mark.

53. Defendant's actions complained of herein are likely to cause confusion, mistake or deception among consumers as to an affiliation, connection or association of Defendant's services

with LEYE and its SUMMER HOUSE SANTA MONICA and SUMMER HOUSE trademarks, and as to the origin, sponsorship or approval of Defendant and its services in violation of Texas common law.

54. Defendant's unauthorized conduct also has deprived and will continue to deprive LEYE of the ability to control the consumer perception of its restaurant and bar services offered in connection with its SUMMER HOUSE SANTA MONICA trademark, placing the valuable reputation and goodwill of LEYE in the hands of Defendant, over whom LEYE has no control.

55. Because Defendant had actual notice of LEYE's prior use of and rights in its SUMMER HOUSE SANTA MONICA trademark before Defendant began using the confusingly similar SUMMER HOUSE trademark, Defendant is willfully engaged in common law unfair competition in violation of Texas common law.

56. As a result of Defendant's conduct, LEYE is likely to suffer harm, and has in fact already been injured. Unless this Court enjoins Defendant's conduct, LEYE will continue to suffer irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, LEYE requests that this Court enter a judgment in its favor and against Defendant as follows:

A. Declaring that Defendant has infringed LEYE's SUMMER HOUSE SANTA MONICA trademark and has engaged in unfair competition under 15 U.S.C. §§ 1114 and 1125; and has committed acts of unfair competition and trademark infringement in violation of Texas common law;

B. Permanently enjoining and restraining Defendant, its agents, servants, employees and attorneys, and any other persons in active concert or participation with it from:

  (1) using, selling, offering for sale, holding for sale, advertising or promoting any goods or services under or in connection with any trade name, trademark, service mark or internet domain name that is comprised in whole or in part of the term SUMMER HOUSE, or any term confusingly similar to LEYE's SUMMER HOUSE SANTA MONICA trademark; or

  (2) doing any act or thing that is likely to induce the belief that Defendant's goods, services, or activities are in some way connected with LEYE's business, or that is likely to injure or damage LEYE's name, marks or business; and

C. Requiring that Defendant:

  (1) reimburse LEYE for all damages they have suffered by reason of such acts, account for and pay over to LEYE all profits derived by reason of their acts of infringement, false designation of origin, and unfair competition;

  (2) remit to Plaintiffs exemplary, treble, damages as provided for in 15 U.S.C. § 1117 and at common law;

  (3) deliver to LEYE's counsel for destruction all promotional materials, products, advertisements, signs, brochures, packages, menus, and other printed materials bearing the SUMMER HOUSE mark or any other marks confusingly similar to LEYE's SUMMER HOUSE SANTA MONICA trademark and all means for making the same that are in Defendants' possession or control within ten (10) days of the entry of the Order;

  (4) reimburse LEYE for the costs it has incurred in bringing this action, together with its reasonable attorneys' fees and disbursements; and

D. Awarding LEYE such other and further relief as this Court deems just and proper.

Respectfully submitted,

Date: March 2, 2021

By: /s/ *Christopher M. Weimer*
Louis T. Pirkey
Texas Bar No. 16033000
Christopher M. Weimer
Texas Bar No. 24061894
PIRKEY BARBER PLLC
1801 East 6th Street, Suite 300
Austin, Texas  78702
(512) 322-5200
(512) 322-5201 (facsimile)
lpirkey@pirkeybarber.com
cweimer@pirkeybarber.com


Antony J. McShane (IL Bar 6190332) *pro hac vice to be filed*
Kara C. Smith (IL Bar 6327947) *pro hac vice to be filed*
NEAL, GERBER & EISENBERG LLP
Two North LaSalle Street
Chicago, Illinois 60602-3801
(312) 269-8000
(312) 269-1747 (fax)
amcshane@nge.com
ksmith@nge.com

*Attorneys for Plaintiff, Lettuce Entertain You Enterprises, Inc.*